**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JULIAN M BERRIO VASQUEZ,

Petitioner,

v.

TODD BLANCHE
*Acting Attorney General of the United States of America*, ET AL.,

Respondent(s).

3:26cv1166

ELECTRONICALLY FILED

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART PETITIONER JULIAN BERRIO VASQUEZ'S VERIFIED HABEAS CORPUS PETITION (Doc. 1)**

Pending is Petitioner Julian Berrio Vasquez's Verified Habeas Corpus Petition. (Doc. 1).

## I. Background

Petitioner asserts in his habeas petition, and Respondents do not dispute, that Petitioner: (1) is a native and citizen of Colombia; (2) entered the United States, was detained and then released on his own recognizance; (3) was again detained on June 10, 2026; (4) had removal proceedings pending prior to his June 10, 2026 detention; (5) has not had a final order of removal entered against him; and (6) currently is detained at Moshannon Valley Processing Center ("MVPC"). (*Id.* at 3-4).

Further, the DHS Notice to Appear attached to Petitioner's habeas petition states that Petitioner entered the United States on or about March 27, 2022. (Doc. 1-7 at 7).

In his habeas petition, Petitioner claims that his detention pursuant to 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which requires mandatory detention (*i.e.*, a bond hearing is not held upon detention), is a violation of: (1) his Fifth Amendment due process rights; and (2) the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). (Doc. 1 at 6-8).

By way of relief, Petitioner seeks an Order that includes: (1) declaring that Petitioner's detention pursuant to Section 1225(b)(2) violates the due process clause of the Fifth Amendment and the APA; (2) ordering that Respondents (a) immediately release Petitioner, or alternatively, (b) provide Petitioner with a fair bond determination hearing before an Immigration Judge as provided by 8 U.S.C. § 1226(a), including having Respondents bear the burden of proving, by clear and convincing evidence, the need for Petitioner to remain detained; and (3) award attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). (*Id*. at 8-10).

On July 6, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that under the facts of this case, Petitioner is lawfully detained pursuant to Section 1225(b)(2) and thus, Petitioner's habeas petition should be denied. (Doc. 7 at 2).

Petitioner had until July 11, 2026, to file a reply brief. To date, no such brief has been filed. On July 30, 2026, however, Petitioner's counsel filed a letter requesting that the Court expedite its review of Petitioner's habeas petition due to the mental and emotional state of Petitioner's wife. (Doc. 8).

Accordingly, this matter has been fully briefed and is ripe for adjudication.

## II. Discussion and Findings

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to Section 1226(a), as contended by Petitioner, or mandatory detention under Section 1225(b)(2), as contended by Respondents; and (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, August 31, 2026.

In *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the United States Court of Appeals for the Third Circuit recently determined, with respect to two petitioners who had entered the United States without inspection and years later were detained by ICE in the interior of the United States by ICE pursuant to 8 U.S.C. § 1225(b) and not provided with a bond hearing, that: (1) "§ 1225(b) governs noncitizens arriving to the United States whereas § 1226 governs those already within our borders; (2) the petitioners' "detentions were unlawful under that provision [Section 1225(b)(2)(A)] of the INA;" and (3) "Petitioner's (sic.) detention without bond hearings violates the Due Process Clause." *Buele Morocho*, 2026 WL 2546223, at *5, 7–8.

Consistent with the *Buele Morocho* decision, *supra*., under the facts of record in this case, where it is not disputed that Petitioner entered the United States on March 27, 2022, was detained and released on his own recognizance, and re-detained by ICE four years later, on July 22, 2026, the Court finds that Petitioner's current detention is governed by Section 1226(a), his detention under Section 1225(b) violates the INA, and Respondents' detention of Petitioner without a bond hearing violates Petitioner's rights under the Fifth Amendment's Due Process Clause.

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within 30 days of this Order, or else release Petitioner by such date; (2) Respondents shall ensure that such a hearing includes the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of

Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing. The Court trusts the immigration judge to comply with this Order and ensure that Petitioner is provided due process, and therefore, the immigration judge shall explain his or her individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an Order that: (1) requires Respondents to immediately release Petitioner; (2) declares that Respondents' detention of Petitioner violates the APA; (3) orders that at the ordered bond hearing, Respondents bear the burden of proving, by clear and convincing evidence, the need for Petitioner to remain detained; and (3) awards attorney's fees and costs to Petitioner under the Equal Access to Justice Act ("EAJA").

More specifically, where, as here, Petitioner has been detained for less than three (3) months, the Court finds that providing Petitioner with an individualized bond hearing before an IJ which comports with due process, as the Court has ordered, is the proper remedy for Respondents' unlawful conduct, as opposed to immediate release. *See Foula Bah v. Oddo et al.*, Civ. No. 3:26-1393, 2026 WL 2561261 (W.D. Pa. Aug. 31, 2026) (Horan, J.) (determining: "First, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026), the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing.") (footnote omitted); *Pico Bano v. Mullen et al.*, Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15,

2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing. However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.' Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Second, because the Court has concluded that Petitioner's detention without a bond hearing violates Petitioner's rights under both the INA and the Fifth Amendment's Due Process Clause, and has ordered a bond hearing as relief, it need not reach Petitioner's alternative APA challenge to Respondents' detention of Petitioner without a bond hearing, which requests the same relief to the relief ordered.

Third, under the facts of this case, where Petitioner has been detained in ICE custody for less than three (3) months, the Court will not order a bond hearing in which the burden of proof shifts to the Government to establish, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community. *See Abai Makeshov. v. Oddo et al.,* Civ. No. 3:26-808, 2026

WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond

hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot,* 906 F.3d at 279).

Finally, as this habeas petition has been fully briefed since July, 2026, and the Court of Appeals for the Third Circuit just recently decided that a non-citizen detained within the interior of the United States, such as Petitioner, is subject to detention pursuant to 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b), Respondents' position was substantially justified in this case, and thus, no costs or attorney fees shall be awarded pursuant to the EAJA.

SO ORDERED this 31st day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel of Record